The first case this morning is 523-0155, People v. Stanley. Arguing for the appellant is Erin McFerrin. Arguing for the athlete is Stephanie Raymond. Each side will have 10 minutes for their argument. The appellant will also have five minutes for rebuttal. Please note only the clerk of the court is allowed to record these proceedings today. Good morning, counselors. We have a full day today and luckily you are the first on the list so you get to get in and out. Are you ready to proceed this morning, Ms. McFerrin? Yes, your honor. All right, you may do so. Thank you. May it please the court, Erin McFerrin, counsel for Mr. Trebell Stanley. We've raised two issues on appeal regarding Mr. Stanley's post-conviction claims that were dismissed at two different stages. The first claim of ineffective assistance of counsel advanced to a third stage evidentiary hearing. The second claim of actual innocence was dismissed at the second stage where no credibility determinations can be made. If the court will permit, I'll start with the first issue today and then as long as time allows, I will also address the second issue. That's fine. The circuit court's denial of Mr. Stanley's claim of ineffective assistance of counsel after a third stage evidentiary hearing was manifestly erroneous where it was based on a misapprehension of the record. At the evidentiary hearing, Mr. Stanley testified that Detective Ward made an off-camera promise of leniency that if he confessed to the Heron detectives, Stefan and Grohl, he would not be charged in the two murders he was being questioned about. And he told trial counsel of this promise. Now, the record shows there was no fulfillment of any promise. He said clearly at the evidentiary hearing that he would not be charged in two murders. And regarding this case, the circuit court's order denying the petition shows that it accepted that Ward had made these statements. It stated the sole issue was whether the statements that were made by Ward overcame Stanley's will. If so, it would be problematic. There was no contradictory evidence at the hearing, but the court found no constitutional violation because it found Mr. Stanley's statement was not used. This was a misapprehension and was a manifest error. There's no question that Mr. Stanley's statement to the Heron detectives was used at a stipulated bench trial in this case. This court addressed that and affirmed the omission of that statement on direct appeal. Now, this is the statement that Mr. Stanley testified Detective Ward induced with his off-camera promise of leniency. Here, the circuit court is not the same court that heard the trial, so they would have no more familiarity with the record. The order shows that the court was referring to the statement made in this case, the only relevant statement which was used. And it shows a mistake of fact, which was manifest error, where this mistake of fact was the basis for finding there was no constitutional violation. Now, trial counsel did not present any evidence of this off-camera promise at the hearing on the motion to suppress. Mr. Stanley did testify that he made his counsel aware of this promise. As far as prejudice, a voluntary confession must be made without inducement of any kind. And had this evidence been presented, the ruling on the motion would have changed. At the hearing on the motion, the state on the motion to suppress, the state agreed that the statements to Ward should be suppressed, that they could be in a seminar of how not to do things. Attached to the petition, there also was evidence of Detective Ward's federal conviction. And of course, on direct appeal, when this court affirmed suppression of three of the videotaped statements, but allowed admission of the statement at issue in this case, it affirmed that based on Mr. Stanley twice asking to invoke his right to silence, which was ignored. Well, let me stop you there, counsel, because I believe the state has brought that up, that that was addressed directly on appeal and therefore that I believe rest judicata should apply and we should not even have to address that issue. Can you tell me what your stance is on that? Absolutely, Your Honor. Yes, so these would be considerations if this court does remand for a new suppression hearing and then a new trial, if that is granted, then it would consider the totality of the circumstances. Now, here there's no forfeiture, no rest judicata, because this is a claim of ineffective assistance based on Mr. Stanley's evidence that is not part of the original trial record. So a post-conviction petition is the proper place to raise this claim where it's based on new evidence outside of the original trial record. It's also different from the claim that was previously addressed because, of course, this court and the trial court did not have this evidence. In the trial proceedings. Now, there's also a reasonable probability that the trial outcome would change because the statement here was crucial evidence, as I mentioned, Mr. Stanley's trial was a stipulated bench trial. The evidence, especially taking away his statement, was not overwhelming. Without his statement, none of the stipulated testimony of the witnesses even identified Mr. Stanley and none of them saw the shooting occur. So this statement was crucial evidence. And if this promise of this off camera promise of leniency was introduced, then the result would have been different. But the defendants affidavit supporting affidavits don't deny that he was there. So if if if it's conceded that he was there and the other witnesses do say Tucker was in one room and defendant was fighting with I think it was Davis, that kind of means the outcome would not change, doesn't it? So here we are arguing if the statement were suppressed without I understand that. But even if the statement is suppressed in their supporting affidavits, they don't deny he was there. And in fact, the defendant can't deny he was there because he's already given a statement that says he was. So he would be subject himself to perjury if he now claims I wasn't there. Everything. All the other evidence seems to say that he was there. And the eyewitnesses who didn't give statements say the other guy who they couldn't identify, which is the defendant, was the guy who did the shooting. And so I don't see how the outcome is going to change, even if the statements are suppressed. So I think and that also overlaps, I'll address that more in the second issue. But as far as here, without his statement, where there is no identification of him and no witnesses saw the shooting, his statement was the crucial evidence. And so it certainly contributed to his conviction. And at this stage where we're not making the ultimate determination, certainly the evidence there's a reasonable probability that the outcome would change. Again, the circuit court's order recognized the use of Mr. Stanley's statement would be problematic if his will was overcome and the court found there was no violation based on its misapprehension that Mr. Stanley's statement was not used where it was used against him on a stipulated bench trial. So we ask that this court reverse the denial of the post conviction petition and remand for a new hearing on the motion to suppress and if granted a new trial. Now, turning to the second issue, Mr. Stanley's actual innocence claim was dismissed at the second stage where no credibility determinations can be made. Issues of credibility can only be resolved following an evidentiary hearing. Here, the trial court's order shows that it dismissed the actual innocence claim based on an improper credibility determination, as well as another misapprehension of the record. As far as the mistake of fact, the order stated the witnesses who testified at trial and but here this was a stipulated bench trial, so none of the witnesses were subjected to cross-examination. There was no live testimony and the state acknowledges in their brief that this appears to be a mistake of fact on the trial court's part. What's our standard review on the second issue? On the second issue, it's de novo and we're looking whether a substantial showing of actual innocence was made. And here, the record shows that the court made a credibility determination which cannot be made at the second stage. It said that the stipulated eyewitness testimony contradicted the affidavits rather than taking the affidavits as true as it must do at this stage. The court did not dismiss the petition on the basis that the claims were rebutted by the record, but because they were contradictory, there was no physical evidence to rebut the claims. And Robinson specifically addressed this where it says new evidence of actual innocence is expected to contradict. It went on a requirement that the affidavits not contradict the trial testimony would be fundamentally illogical. And importantly, Robinson also explicitly rejected the standard that the new evidence of actual innocence must show total vindication or exoneration. Instead, we look at whether the new evidence places the trial evidence in a different light. It need not be entirely dispositive. So under Robinson, the affidavits are not required to disprove every fact at this stage. So to address the claim that nothing in the affidavits say that Mr. Stanley didn't know of the plan to rob or that he wasn't there. The record shows first that the affidavits do state that Mr. Stanley was not aware of any plan. Tucker's affidavit says that he told Mr. Stanley they were going to see some girls, but it wasn't until they got there that he pulled out a gun, demanded money. And Mr. Stanley's petition also states that he did not intend or know of any robbery until he was there. And Tucker, his co-defendant, pulled a gun. His affidavit. Robinson seems to I mean, I can see that favors your side, but there have been three cases that distinguished Robinson. Those were people versus Fenton, people versus Thompson and people versus Rudolph. And in those cases, they found. Evidence overwhelming of defendant skill, so we kind of go back to the first issue, whether or not you can show prejudice or whether or not the evidence of guilt is overwhelming, do we not? Or do you find other reasons to distinguish Robinson? Yes, certainly Robinson itself rejected. It explicitly rejected the total exoneration or vindication standard. Your Honor, I see that my time is up. You can complete your answer, if you like.  It's very similar. I rejected the argument that an actual innocence could be dismissed on an unprosecuted claim of accountability. The evidence does not need to be entirely dispositive. It looked at the affidavit that said that in that case, the affidavit was signed by the person who said they were the shooter and said that the defendant had not. So similar facts in that respect to this case. And the court found at the second stage, it was a substantial showing of actual innocence. Who was the case you mentioned? Rosaliz, that's in your brief, page 25. Yes, the second district case, Peeble v. Rosaliz. But Robinson also addressed this, I believe, paragraph 75. So the affidavit must be taken as true, and we would ask this court to remand for further post-conviction proceedings at this stage. All right, thank you. I'll return to you for rebuttal in a moment. Ms. Raymond, are you ready to proceed? Yes. May it please the court, your honors, counsel. My name is Stephanie Raymond. I represent the people of the state of Illinois in this matter. The state would like to bring to the court's attention in the state's brief on page 5, the last paragraph, there's been a Scribner's error. And I would just like to clarify so that the state does agree that three of the four recorded interviews were suppressed and only one the sentence should read was not suppressed. And that is the one with Detectives Stephan and Grohl, which this court upheld on direct appeal and was actually stipulated to in defendants original trial. So just regarding the first issue, the state's argument is that it is barred by res judicata as it was not brought up on direct appeal. And it could have been. However, should this court find that it is not forfeited, the state argues that defendant cannot show ineffective assistance of counsel based on the fact that he cannot show prejudice. Defendant, which in this case, defendant cannot have could not have shown or did not show that his the results would have been any different should the statements have been suppressed. Given the overwhelming evidence in this case there, as the state lays out in its brief, there were several witnesses who put defendant in the apartment. And as the pointed out, defendant does not disagree that he was there, only that he is now just claiming that he's the one who did not pull the trigger. How do you counter Ms. McFerrin's argument that, you know, the court got into a. Improper evaluation of credibility with regard to, you know, all the testimony that was brought up and so on. So in the state's order, it says the sole issue, whether the statements of leniency made in the will of the petitioner when he made his confession. If so, the use of the confession would be problematic. However, the court did not find that it was so. So the confession was not his will was not overborne. Further, the court stated in its order, the only the only evidence the court has is that a statement was offered by defendant. The very next sentence states that no facts surrounding this confession is offered. The court did not make a credibility determination, rather, it stated that there was nothing supporting defendants argument. There was nothing where it found that the results would have been different. So in that regard. The state argues that there was no credibility determinations made. This is defendant does claim that this is an ineffective assistance of counsel, which is and defendant cannot prove that. But for the council's, the actions of counsel, that the results would have been any different in light of the overwhelming evidence. There are two witnesses, as I've said, who placed defendant fighting with Davis at the very exact same time that Tucker is fighting with Mulay. I'm not sure if I'm pronouncing his name right. So and then the gunshot was heard while the four were fighting. So then Moore would have testified that defendant came out after the incident and exclaimed that he had believed he had shot someone and they were not moving. So the state does argue that the trial evidence was overwhelming. And even if it would have been suppressed, it, it was not necessary for conviction. Regarding issue two, the state would also like to point out that stipulations are the functional equivalent of testimony. And while the trial, while the order does at some point state that there was live testimony, it is the functional equivalent. So had these witnesses been testified, been called to testify live in court, this is what they would have said. So regarding issue two, the trial court, again, like as I previously said, the state does not believe that the trial court made a credibility determination. Rather, the court stated in its order that the record directly contradicts what the defendant is now putting forth in affidavit. The affidavit is incomplete to say the least. It leaves out significant portions of the night. It claims that Tucker coerced defendant into confessing. However, defendant claims that he was coerced into confessing based on a statement made by detective Ward. The state would also like to clarify that the statement that was used against defendant was that of a stipulated one with detective Stephan and Grawl. The state does not agree that the other three were suppressed. So any reference to those three statements is irrelevant as they don't apply. They were not used against him. This statement that defendant made to detective Ward was not used against him. However, the state agrees, as I've laid out in my brief, that this state, the statement with that defendant made to detective Stephan and Grawl was used in his trial. If you look at that interview, the interview shows that his will was not overborne. In fact, when they began the interview, defendant initially lied to detectives and it was only after he, defendant asked the detectives, what evidence do you have against me? After the detectives laid out some of their evidence, that is when defendant stood up during the middle of the interview, shook one of the detectives hands and said, I feel like you guys are treating me fairly. I would like to tell you a different version. And that is when defendant decided that now's the time to tell the truth. He then told the truth. The interview reflects a laid back environment, which is fully transcribed in part of the record. And it does not show that defendant's will was overborne during the interview. So the fact that he claims that a promise was made to him by another detective for these detectives in a different County is nonsensical. It doesn't make sense. Even if we were to accept that as true, which the state does not, even if we were to, defendant was not charged with another murder, defendant was charged with the murder in this County. The murder in East St. Louis was, he was never charged with, which he agreed to during the evidentiary hearing. So whether or not, defendant was aware of some plan to, to rob the house is irrelevant at this point. That's, that's not the issue that we face. So that being said, the state would ask that this court affirm the rulings of the trial court. How do you address Robinson? Did you not believe that requires this court to take action? Or do you think it's distinguishable? Um, I do cite Robinson in my brief. I know that the state or the defendant in their reply brief says that I use an outdated standard, but I do cite Robinson as well as other cases. Um, Robinson is, uh, it says, you know, that the standard is one that, uh, I've had it, I lost it. I do cite Robinson in my brief and actually extensively. It is that the court, you know, it's not conclusive. The affidavit does not have to be, you know, 100% exonerating. Um, so I don't, I don't believe that I've used an outdated standard in my brief as defendant asserts. Doesn't Robinson say that if the affidavits conflict, but do not positively revert, then that's a problem. Do you think the affidavits positively revert defense? I think that the record in this instance, the record contradicts what the defendant's affidavit is saying in that respect, then that's the problem. Right. Thank you. Questions, just as Louie or Barbaros. No questions. No, thank you. Thank you. Ms. McFerrin, rebuttal. Thank you, your honor. Yes. So we would just point out again, that as far as the evidence being overwhelming, in this case, there was no physical evidence. It was based on the stipulated testimony of witnesses who we've already mentioned, did not identify my client. And where the issue would be. Witness testimony versus the affidavits here, uh, balancing witness testimony on both sides, that is a credibility determination. It's not overwhelming. It is a closely balanced case. Um, and again, for the first issue, we are looking at the evidence without the statement, would the result have changed? Um, as far as the demeanor and what the video videotape statement shows in this case, um, again, as this court addressed on direct appeal, uh, the statement that was used took place only nine minutes following the statements that were suppressed and in the statement, I think that the comfortable demeanor, the fact that Mr. Stanley appears forthcoming can tend to support that. He was under this understanding of agreement that if he told the detectives what had happened, he would not be charged and he would be allowed to go home. I think that's consistent. What we see on the video, what we've seen, uh, in the previous segments that he was under this impression that if he just cooperated and did what was said, then he would be allowed to go home. And I think in one of the last things he says in the last statement with detective ward is that he's going to go get his books. He had previously said he was hoping to get to school that day, indicating he's hoping to go home. And then also, as far as the standard for Robinson, uh, which we all know and agree applies that Robinson explicitly rejected the total vindication or exoneration standard. So as far as previous cases apply that standard to an actual innocence claim that Robinson says is no longer the standard just to clarify. Um, one final point on the actual innocence claim, the evidence need not be entirely dispositive. And there was also in the affidavits, uh, Tucker's affidavit states that he told Mr. Stanley when they got, he told him to say that it was him. He demanded that he say it was him. Uh, and that does tend to contradict more stipulated testimony that when Mr. Stanley got to the car, he said that he thought he had just shot someone. So again, the affidavits do not need to disprove every single fact at this stage. They don't need to be entirely dispositive. And in fact, they need to be believed that is accepted as true. And we asked that this court remand for further post-conviction proceeding and evidence you're hearing. And that would be the stage after which credibility determinations could be made. Thank you. Thank you. Questions. Justice Barberos. No, thank you. Justice Bowie. No questions. Thank you. All right. Thank you. We appreciate your arguments. Uh, we'll consider those. We'll take the matter under advisement and issue a decision in due course.